IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ERIC BAYLIN
                Petitioner              :

             v.                    :     CIVIL ACTION NO. AW-06-136

CLERK OF COURT               :
                Respondent

**<u>MEMORANDUM</u>**

On December 29, 2005, Michael Eric Baylin ("Petitioner") filed a counseled "Application for Expungement" seeking to expunge all court records and other public records relating to his arrest by local agents of the Drug Enforcement Administration ("DEA"). Petitioner requests equitable relief and suggests that expunction is mandated under the Federal Youth Corrections Act ("FYCA") or the Federal First Offender Act ("FFOA"). Document No. 1.

The facts of this case are not in dispute.[1] Petitioner, then eighteen years old, was arrested on April 8, 1974, by DEA Agent William S. Dorsey and charged with possession, possession with intent to distribute, and distribution of cocaine. The next day, he appeared in this Court before United States Magistrate Paul M. Rosenberg and was released into the custody of his father on a $5,000 unsecured bond. Petitioner waived a scheduled preliminary hearing and met with DEA agents and Assistant United States Attorney Andrew Radding on several occasions between April and July of 1974. In June of 1974, Petitioner was told by Radding that he would be granted special consideration if the information he supplied to the Government was truthful, he remained law-abiding and continued his education, and wrote Radding an occasional letter about his academic endeavors. Petitioner believes that the consideration included expungement of the arrest. Radding,

---

[1]      The Court appreciates the parties' candor in presenting the information about this incident. Given the passage of time and the dearth of extant documents, the Court has relied heavily on the parties' recollection of events in resolving this case.

on the other hand, recalls that he merely agreed to dismiss the charges, that the question of "expungement" never came up during the conversation, and that he did not contemplate expungement in connection with the disposition of this case.  Document No. 9 and Document No. 13.

Petitioner claims – and the Government agrees – that he has engaged in no other criminal activity and has no other arrests.  The Government has filed a court-ordered show cause response to the Application for Expungement, indicating that all DEA and FBI known records have already been destroyed or are scheduled for imminent destruction and that all entries of the arrest have been removed from various federal data bases.[2]  Apparently the only information concerning the arrest currently known to exist is contained in this Court's two-page record entitled "Record of Proceeding in Criminal Case" and a note card indicating the case was "dismissed" on March 25, 1976. Document No. 9 and Document No. 13; *see also* Attachment to Complaint.

Petitioner has provided a supplemental brief contending that equitable relief to seal or destroy the Record of Proceeding and the note card is mandated because he was not represented by counsel at the time he agreed to cooperate with the Government.  For that reason, he contends the Government had a heightened duty to provide him a mechanism for expungement in exchange for his cooperation (either by seeking to expunge the case after dismissal of the charges or by counseling him that expungement could be achieved if he successfully completed the terms of a conviction obtained under the FYCA).  Document No. 15.  Petitioner admits, however, that he was

---

[2]     These include the Federal Bureau of Investigations' Criminal Justice Information System, known as the National Crime Information Center ("NCIC"), and the Drug Enforcement Administration's Narcotics and Dangerous Drug Information System ("NADDIS").  Apparently removal of these records was not complete on June 28, 2005, when Petitioner was questioned by Canadian Immigration Officers at a checkpoint between Canada and Vancouver, Washington, where questions were raised regarding the 1974 arrest.

informed of his right to counsel on April 9, 1974, when he appeared before Magistrate Rosenberg. Document No. 17. Thus, the absence of counsel does not mandate equitable relief in this case.

The Government contends that Petitioner is not entitled to relief under the FYCA or the FFOA, and research conducted by the Court confirms the merits of this contention. Furthermore, both sides agree that their research has not revealed case law concerning the granting of equitable relief involving facts closely resembling those of this case. The Government does not, however, oppose an equitable remedy granting expungement, if the Court can be persuaded to exercise its inherent power in this case. The power to expunge, however, is a narrow one reserved for the "unusual or extreme case," and is not often invoked even where a criminal prosecution ends in an acquittal. *See United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *United States v. Steelwright*, 179 F.Supp.2d 567, 573-74 (D. Md. 2002).

The Fourth Circuit has not directly ruled on the issue before this court. A previous decision by this court is, however, instructive. In a published opinion, the Honorable Frederic N. Smalkin concluded that while the district court possesses ancillary jurisdiction to expunge criminal records for "equitable considerations," that such jurisdiction was limited to expunging the record of an unlawful arrest or conviction or to correct a clerical error. *See United States v. Gary*, 206 F.Supp. 741 (D. Md. 2002). Judge Smalkin held that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the

defendant is that he or she seeks equitable relief, i.e., to enhance a defendant's employment

opportunities.[3]   *Id.*   Petitioner, who has been detained for questioning about the arrest on one occasion at the Canadian border, does not meet the criteria for expungement under the facts of this case.[4]

Petitioner has moved to seal this case.   The Court will grant this request,[5] but will deny Petitioner's Application for Expungement by way of separate order.

_____October 27, 2006_____                                   _____/s/_____
Date                                                                          Alexander Williams, Jr.
                                                                               United States District Judge

---

[3]         Judge Smalkin found that the power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress as the "Constitution prohibits federal courts from expanding their own subject matter jurisdiction."   *United States v. Gary*, 206 F.Supp.2d at 741; *United States v. Steelwright*, 179 F.Supp.2d at 573-74.

[4]         Petitioner, who was not traveling alone, was questioned about the "deferred" charges before being permitted to enter Canada.   He states that he was embarrassed and humiliated as a result of the brief detention and questioning.   Document No. 1 at 2.

[5]         Granting this request may, however, be a double-edged sword: although all records concerning the arrest known to the DEA and FBI have been destroyed, some vestige of information may still remain in a database somewhere, where it may be brought into play during security screening now prevalent in our post-nine-eleven world.   Plaintiff might consider keeping copies of some documents from this case with him during international travel.